```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
In re: Gilat Satellite Networks, Ltd.,
                                            CV-02-1510
                                            (CPS)

                                            ORDER

----------------------------------------X
SIFTON, Senior Judge.
```

WHEREAS, the parties to the above captioned Action have moved for (1) certification of an amended settlement class; (2) preliminary approval of a proposed Amended Settlement Agreement; (3) approval of the proposed Amended Plan of Allocation; (4) approval of the proposed manner and form of Amended Notice to the settlement class, including the proposed Proof of Claim form; and (5) scheduling of a date for a Fairness Hearing to consider final approval of the Settlement; and

WHEREAS, the Court having considered the Amended Settlement Agreement and the accompanying documents and having issued an Memorandum Opinion on this date relating to the Settlement Agreement (the "Opinion"), and for the reasons set forth in the Opinion, it is hereby

ORDERED that:

(1) The Amended Settlement Agreement and Amended Plan of Allocation are preliminarily approved as being within the range of a fair, reasonable, and adequate settlement, and the Court adopts all of the terms defined in the Settlement Agreement for purposes of this Order.

(2) The Court certifies for settlement purposes only a settlement class (the "Class"), as defined in the Opinion.

(3) The parties' application for an order directing notice to the Class is granted. The Court further approves the form, substance and requirements of the Amended Notice and the Proof of Claim form attached to the Amended Settlement Agreement.

> (a) Within three (3) business days after entry of this Order, Defendants will provide Gilat's transfer records and shareholder information to Plaintiff's Co-lead Counsel or the Claims Administrator.
>
> (b) Within twenty (20) days after entry of this Order, the Amended Notice will be mailed to shareholders of record and nominees owners such a brokerage firms and record owners who are not beneficial owners. Such nominee owners are directed to forward copies of the Amended Notice and Proof of Claim form to the beneficial owners of Gilat stock or to provide the names of said beneficial owners to the Claims Administrator who will send the Amended Notice and Proof of Claim form. Upon receipt of proper documentation by the Claims Administrator, nominee owners shall be reimbursed reasonable expenses from the Settlement Fund for sending the Amended Notice and Proof of Claim form to beneficial owners.

(c) Within seven (7) days after mailing of the Amended Notice, a copy of the Amended Notice shall be placed on the websites of Plaintiff's Co-lead Counsel and the Claims Administrator. In addition, the phone numbers described in the Opinion shall be made available by this date.

(d) Within fourteen (14) days after mailing of the Amended Notice, Summary Notice, as described in the Opinion, shall be published in the newspapers listed in the Opinion.

(e) No later than fourteen (14) days prior to the Fairness Hearing, Plaintiff's Co-lead Counsel shall submit an affidavit attesting to their compliance with these procedures.

(f) No later than September 3, 2007, Class Members shall submit properly executed Proof of Claim forms to the Claims Administrator at the address provided in the Amended Notice. Proof of Claim is deemed submitted when postmarked (if properly addressed and mailed by first-class mail, postage paid), provided the form is received before the motion for an order of the Court approving distribution of the Net Settlement Fund. Proof of Claim forms submitted in any other manner shall be deemed submitted when actually received at the

address designated in the Amended Notice. Proof of Claim forms must satisfy the conditions stated on the form and must be signed, under penalty of perjury. As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of this Court with respect to the claim submitted and, subject to the effectuation of the Settlement, release all Settled Claims as provided in the Settlement Agreement.

(4) The Court shall conduct a Fairness Hearing in order, *inter alia*, to determine whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; to determine whether the Order and Final Judgement as provided under the Settlement Agreement should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Settlement Agreement, should be provided to the Released Parties; to determine whether the proposed Amended Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court; to consider any application by Plaintiff's Co-Lead Counsel for an award of attorney's fees and expenses; and to rule upon such other matters as may properly come before the

Court.

(a) The Court will conduct the Fairness Hearing on **July 19, 2007** at 4:30 P.M. in Courtroom 6A of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201.

(b) The Court may adjourn the Fairness Hearing, or any adjournment thereof, without further notice to members of the Class other than by announcement at the Fairness Hearing or any adjournment thereof.  The Court also reserves the right to finally approve the proposed Settlement without modification or with such modifications as may be agreeable to Plaintiffs and Defendants, without further notice to members of the Class.

(c) Plaintiff's Co-lead Counsel shall file briefs in support of the Settlement no later than ten (10) days before the Fairness Hearing.

(d) Should Plaintiff's Co-lead Counsel wish to have this Court hear an application for attorney's fees and expenses on the date of the Fairness Hearing, such an application, along with supporting papers, must be filed with the Court and served on Defendants no later than ten (10) days prior to the Fairness Hearing.  In that case, this Court shall determine whether any application

for attorney's fees or reimbursement of expenses will be approved at or after the Fairness Hearing.

(5) All members of the Class have the right, pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, to opt-out of the Action by filing a timely and valid request for exclusion from the Class to the Claims Administrator at the address included in the Amended Notice.

> (a) To be timely, all requests for exclusion must be received no later than twenty (20) days before the Fairness Hearing, unless otherwise accepted by the Court.
>
> (b) Persons requesting exclusion must set forth in their request for exclusion their full name, current address and telephone number. A request for exclusion must also state that the sender requests to be excluded from the Class in the Gilat Securities Litigation and must be signed by such person. The request must further state the date(s), price(s), and number(s) of shares of all purchases and sales of Gilat securities during the Class Period. Persons requesting exclusion may submit the required signed statement in a language other than English. All Class Members who validly request exclusion shall not be entitled to any payment out of the Net Settlement Fund, nor shall they have

standing to submit any objection to the Settlement.

(c) Class Members who do not file a request for exclusion or file invalid requests for exclusion shall remain Class Members for settlement purposes and are enjoined from filing, commencing, prosecuting, intervening in, participating in as Class Members or otherwise, or receiving any benefits or other form of relief from, any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction, based on or relating in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims. Members of the Class shall be bound by all determinations and judgments in this action, whether favorable or unfavorable.

(6) Any Settlement Class member who does not timely and validly request exclusion from the Class may appear in person or by counsel and be heard to the extent allowed by this Court in opposition to the fairness, reasonableness and adequacy of the proposed Amended Settlement Agreement, Amended Plan of Allocation, any application for an award of attorney's fees and reimbursement of expenses or any other matter relating to proposed settlement.

(a) No later than fourteen (14) days prior to the

Fairness Hearing, any person wishing to be heard at that hearing shall file with the Clerk of the Court at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, notice of such person's intention to appear, showing proof of membership in the Class by listing date(s), price(s), and number(s) of shares of all purchases and sales of Gilat securities during the Class Period and providing a statement indicating the basis for their opposition, along with any documentation in support of their opposition.  Such notice, proof, statement and documentation, together with copies of any other papers of briefs filed by the objecting party shall be simultaneously served on counsel to the parties in this case, at the addresses listed in the Amended Notice.  Class Members who do not object to the Settlement do not need to appear or take any other action to indicate approval.

(b) Attendance at the Fairness Hearing is not mandatory.  However, if an objecting party wishes to appear at the Fairness Hearing and to present his or her objection to the Settlement orally, that person's written objection must include a statement of intent to appear at the Fairness Hearing.  Objecting parties who

wish to present evidence at the Fairness hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence. If an objecting party wishes to have counsel appear at the Fairness Hearing, said counsel must file a notice of appearance with the Clerk of the Court and counsel to the parties no later than ten (10) days prior to the Fairness Hearing.

(7) The Amended Settlement Agreement and all negotiations, papers, statements, and proceedings in connection therewith, whether or not the Settlement is finally approved and/or consummated, are not to be offered or received against the Defendants or against the Plaintiffs or the Class Members as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants or by any of the Plaintiffs or the Class Members with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants; offered or received against the Defendants as evidence of any presumption, concession, or admission of any

fault, misrepresentation or omission with respect to any statement or written document approved or made by the Defendants; offered or received against the Defendants or against the Plaintiffs or the Class Members as evidence of any presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Settlement, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement; construed against the Defendants or the Plaintiffs or the Class Members as an admission or concession that the consideration to be given under the Amended Settlement Agreement represents the amount which could be or would have been recovered after trial; and construed or received into evidence as a presumption, concession, or admission, against Plaintiffs or any of the Class Members that any of their claims are without merit or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the action would not have exceeded the Settlement Amount or the Gross Settlement Fund.

(8) If: (a) the Settlement is terminated or fails to become effective; (b) any specified condition to the Settlement set forth in the Amended Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by

Plaintiff's Co-lead Counsel and Counsel for Defendants; (c) this Court rejects, in any respect, the Order and Final Judgment in substantially the form and content as annexed to the Amended Settlement Agreement as Exhibit D and/or Plaintiff's Co-lead Counsel and Counsel for Defendants fail to consent to the entry of another form of order in lieu thereof; (d) the Court rejects the Amended Settlement Agreement, including any amendment thereto approved by Plaintiff's Co-lead Counsel and Counsel for Defendants; or (e) d) the Court approves the Amended Settlement Agreement, including any amendment thereto approved by Plaintiff's Co-lead Counsel and Counsel for Defendants, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Amended Settlement Agreement, including any amendments thereto, and this Order preliminarily certifying the Class and preliminarily approving the Settlement, the Amended Plan of Allocation and the Notice, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

(9) All proceedings in this action are stayed until further order of this Court, except as may be necessary to implement the

Settlement or comply with the terms of the Amended Settlement Agreement. This Court retains exclusive jurisdiction over this action to consider all further matters arising out of, or connected with, the Settlement.

SO ORDERED.

Dated :   Brooklyn, New York
          April 19, 2007

                    By: /s/ Charles P. Sifton (electronically signed)
                                         United States District Judge